Sidney A. Wells and Ruthanne W. Wells v. Commissioner.
Wells v. Commissioner
Docket No. 4238-64.
United States Tax Court
T.C. Memo 1967-154; 1967 Tax Ct. Memo LEXIS 105; 26 T.C.M. (CCH) 719; T.C.M. (RIA) 67154; July 24, 1967
Sidney Goldstein, for the petitioners. Helen Viney Porter, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency in the Federal income tax of petitioners for 1962 in the amount of $5,160.09. The related issues presented for our determination result from $5,072 withheld by petitioner husband's employer in 1962 to reimburse it for payment of additional German income taxes of petitioner husband for 1956 and 1957. [1] These issues are: 1. Whether petitioner husband constructively received the $5,072 withheld in 1962. 2. Whether petitioners properly claimed a credit for additional income taxes paid to the German government with respect to the years 1956 and 1957. 3. If they are not entitled to a credit, whether petitioners may claim an additional deduction for such taxes. *107 Findings of Fact Sidney A. Wells and Ruthanne W. Wells are husband and wife, having their legal residence in Glencoe, Illinois, at the time of filing the petition herein. They filed a joint Federal income tax return for the calendar year 1962 on the cash basis with the district director of internal revenue at Chicago, Illinois. Any reference to "petitioner" shall be to Sidney, Ruthanne being a party to the proceeding herein solely by reason of having been joined on the return. During the years 1955, 1956, and 1957, petitioner was employed in Germany by H. K. McCann Company, mbH, Frankfort, Germany. During such years, H. K. McCann was the German subsidiary of McCann-Erickson, Inc., a United States corporation with its principal offices in New York. Petitioner had been employed by McCann-Erickson, Inc. and worked for it in the United States prior to January 1, 1955. On January 1, 1961, McCann-Erickson, Inc. changed its name to Interpublic, Inc. For the years 1955, 1956, and 1957, petitioner's annual salary from H. K. McCann was $37,143, upon which petitioner paid German income taxes. Of this amount, $33,683, $35,012, and $34,498 were excluded from United States income for Federal *108 tax purposes for the years 1955, 1956, and 1957, respectively. Petitioner left the employ of H. K. McCann as of December 31, 1957. He returned to the United States and again worked for McCann-Erickson, Inc. until April 1, 1958, when he retired. Thereafter, he received supplementary retirement benefits in the annual amount of $12,000, first from McCann-Erickson, Inc. and later from Interpublic, until January 1964, when he reached the age of 65. The benefits were paid under an agreement between petitioner and McCann-Erickson, Inc. dated April 16, 1958, in consideration of petitioner's long service to McCann-Erickson, Inc. and its affiliates and an agreement by petitioner not to work for a competitive advertising agency, either in Germany or any other European country, while he was receiving such benefits. In 1961 the German government made demand on H. K. McCann for $5,072.22, representing additional German income taxes allegedly owed by petitioner for the years 1956 and 1957. As early as July 1961, petitioner was aware of this claim. An unsuccessful attempt was made on petitioner's behalf to reduce the tax asserted by appealing to the German government. The handling and disposition *109 of the claim and the payment of the assessment in 1961 by H. K. McCann took place with the full knowledge of petitioner. Petitioner was notified by letter dated January 9, 1962 that Interpublic intended to withhold $5,072.22 [2] from the payments of petitioner's 1962 retirement benefits as reimbursement for the money paid to the German government. Interpublic did withhold that amount from petitioner's retirement benefits in 1962. At no time did petitioner object to the payment or withholding as aforesaid. Petitioner was a citizen of the United States and a bona fide resident of Germany during the entire taxable years 1955, 1956, and 1957. He was a citizen and resident of the United States throughout the taxable year 1962. On their 1962 Federal income tax return, petitioners reported the $12,000 benefits received from Interpublic as income and claimed a credit of $5,072 against their United States tax. Petitioners had no income from sources without the United States in 1962. Opinion We are concerned with the $5,072 withheld in 1962 by Interpublic from petitioner's retirement benefits *110 as reimbursement for the money paid to the German government for petitioner's 1956 and 1957 German income taxes. Respondent asserts that petitioner constructively received the $5,072 in 1962 and it is therefore includable in his income for 1962; that, under section 904(a), [3] petitioner is not entitled to a credit against the United States tax because he reported no income from sources without the United States in 1962; and that petitioner is not entitled to a deduction for additional taxes paid by reason of sections 911(a)(1) and 265. [4]
Petitioner included the $5,072 on his 1962 return and claimed a credit against his Federal income tax in the same amount. Petitioner now asserts that the $5,072 was not constructively received by him because *111 he did not authorize either the payment to the German government or the deduction from his retirement benefits. However, if we should find that he constructively received the $5,072, he asserts that he is entitled to a credit. [5]
At the outset, we note that petitioner makes no claim that any portion of the retirement benefits constituted nontaxable income earned outside the United States at a time when he was a bona fide resident of a foreign country. Section 911. We have found that the $5,072 was withheld with petitioner's knowledge from his retirement benefits in 1962 as reimbursement for additional German income taxes assessed against petitioner. We have also found that petitioner knew of the payment on his behalf and was advised of Interpublic's intention to withhold and the subsequent withholding of the $5,072 from his retirment benefits. While petitioner may not specifically have authorized the payment of German income tax or the deductions from his retirement benefits, he did not attempt to stop, nor did he otherwise object to, the payments or the *112 deductions. Moreover, he was aware of the handling and disposition of the claim, including an appeal against the tax itself in 1961 to the German government. There is no question herein of an unauthorized use of petitioner's funds from which he derived no benefit. Compare (C.A. 5, 1962), reversing a Memorandum Opinion of this Court, with . Petitioner does not assert that he did not owe the German taxes. Thus, even if he had been unaware of the claim by and payment to the German government, it cannot be gainsaid that petitioner realized an economic benefit from the payment of the liability, irrespective of whether or not he authorized the payment to be made. (C.A. 9, 1943), affirming , certiorari denied ; , affirmed per curiam (C.A. 6, 1958). Under the foregoing circumstances, we find that petitioner constructively received the $5,072 withheld in 1962. Petitioner's right to claim the $5,072 *113 as a credit against his United States tax is based upon section 901, et seq. Section 904(a)(2) [6] requires that the amount of the credit shall not exceed the same proportion of his United States tax as his taxable income from sources without the United States bears to his total taxable income for the same taxable year. Petitioner did not report any income from sources outside the United States in 1962 nor is there any evidence that he had any such income. He therefore clearly is not entitled to the credit. [7] (C.A. 9, 1941); ; cf. ; see also Marsman v. Commissioner; (C.A. 4, 1953), reversing in part on other grounds.
*114 Finally, we come to the question of a deduction for the German taxes paid, with respect to which petitioner has, however, made no clearly discernible claim. It is beyond question that, since those taxes relate to income which was not subjected to United States tax, no deduction is allowable with respect thereto under section 911(a). [8]; ; compare section 265.[9] It appears that a small portion of the salary earned by petitioner in Germany during 1955, 1956, and 1957 was subject to United States tax, but we have been furnished no information as to whether petitioner in fact received the maximum credit for German income taxes paid with respect to such income or, if not, what portion of the $5,072 might appropriately be allocated thereto. *115 Decision will be entered for the respondent. Footnotes
1. Respondent in his deficiency notice disallowed $204.87 expenses incurred for "Inspection Trips to Property." Petitioners presented no evidence on this issue and consequently they are deemed to have abandoned their claim in this respect.↩
2. The parties have agreed that the amount in dispute is $5,072 rather than $5,072.22.↩
3. All references are to the Internal Revenue Code or 1954.↩
4. We note that at no point has either party addressed himself to the question whether, since the payment of the German tax was made by H. K. McCann in 1961, the credit or deduction should properly have been taken by petitioner, if at all, in that year, the withholding in 1962 being considered no more than a repayment of a loan. Cf. .↩
5. Petitioner has not argued directly that he is entitled to a deduction if we should not uphold either of his contentions.↩
6. SEC. 904. LIMITATION ON CREDIT. (a) Alternative Limitations. - * * *
(2) Overall limitation. - In the case of any taxpayer who elects the limitation provided by this paragraph, the total amount of the credit in respect of taxes paid or accrued to all foreign countries and possessions of the United States shall not exceed the same proportion of the tax against which such credit is taken which the taxpayer's taxable income from sources without the United States (but not in excess of the taxpayer's entire taxable income) bears to his entire taxable income for the same taxable year. (Emphasis added.) ↩
7. We do not have before us the question of the extent which petitioner might ameliorate the loss of his credit in 1962 through the carryback and carryforward provisions of section 904(d).↩
8. SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES. (a) General Rule. - The following items shall not be included in gross income and shall be exempt from taxation under this subtitle: (1) Bona fide resident of foreign country. - In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary or his delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such uninterrupted period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c). * * * An individual shall not be allowed, as a deduction from his gross income, any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this subsection. (Emphasis added.)↩
9. Since section 911(a) is applicable, we do not reach the question whether the addition of the word "expenses" in section 265(1) by the enactment of the Internal Revenue Code of 1954 represents a material change from prior law. Cf. ; see (C.A. 9, 1961). We note, however, that the Committee reports indicate that no substantive change was intended. See H. Rept. No. 1337, 83d Cong., 2d Sess., p. A65 (1954); S. Rept. No. 1622, 83d Cong., 2d Sess., p. 226 (1954).↩